Robertson, Ch. J.
The breach of the two contracts- set out in the first three successive numbered paragraphs contained in the complaint, does not constitute the cause of action in this *505 case, but merely forms the consideration for the third contract assumed to be entered into by means of acts and declarations of the parties set out in the fourth and fifth paragraphs. It, in substance, is, that in consideration that the plaintiffs would receive back from the defendants merchandize delivered by-them to the latter under the first of such contracts, and would sell to the government of the United States the same and other merchandize, to be delivered under such prior contract at the then market prices, they, the defendants, agreed to pay to the plaintiffs the difference between the sum so to he paid by the United States on such sale thereof to them, and the price agreed by the defendants to be paid therefor by such prior contract of sale. The complaint claims that such contract arose by the return to the plaintiffs, by the defendants, of the merchandize so originally delivered to them by the former under such prior contract, after a threat by the latter so to return them upon certain pretexts averred to be unfounded, and a notification by the plaintiffs, to them, that if they did so, they, the plaintiffs, would sell all of such merchandize in the manner before mentioned, and hold the defendants responsible for the before mentioned difference in the price. The main, if not the sole, question arising on the demurrer interposed in this case, therefore, evidently is, whether such a contract could be created by such acts and declarations; since it is evident that the plaintiffs would not be entitled, under either of the first two contracts set out in the complaint, to sell such merchandize in that mode to the government, and hold the defendants responsible for the loss, without a tender of the whole of it, and a demand of the purchase money.
The first contract set out in the complaint was one by the plaintiffs to sell to the defendants a certain quantity of merchandize, at a certain price, payable in securities of the government of the United States, such merchandize to correspond with certain samples. The second of such contracts was, that in consideration that the plaintiffs would undertake that the part of such merchandize already delivered, and the residue to be delivered under such first contract, should be, or was, of a *506 quality to pass inspection by the United States 'government, the latter agreed to release the plaintiffs from their warranty as to the correspondence of such goods with the sample, and to accept the same as a compliance with such first contract. The recital of the two first contracts was, therefore, mere matter of inducement for setting out the alleged third one, and any want of definiteness in their details could be cured on motion, so as to fix their identity, and was not a subject of demurrer. “ Securities issued by the government of the United States,” is also a sufficiently certain allegation, on demurrer, whatever it may be, on motion to make more definite and certain.
But I am at a loss to perceive how, in regard to the main question already presented, a contract could arise between the parties by the proceedings stated in the complaint. The defendants threatened to send back the goods received by them, as not being bound to retain them under their second contract; under what pretext is immaterial, unless the plaintiffs were now seeking to hold them under such second contract. The plaintiffs, instead of refusing to receive them, and claiming to hold the defendants liable under such second contract, merely notified them that they would only receive them upon the terms mentioned in the complaint. There is no allegation therein, that the defendants, in any way, acceded to such terms, or that they originally proposed any thing like them. . Without such an assent, it must be presumed that the defendants sent back such goods under their original threat, and not as an acceptance of such a proposition. If the defendants were, by the original contract, entitled to return unconditionally goods delivered to them, as not being a compliance with its terms, they could not be compelled by the plaintiffs to relinquish such right and enter into a new contract by the receipt by the latter of the goods so returned, upon terms declared by them to be the condition of such receipt, unless they were also assented to by the defendants as the condition of their delivery.
It was a matter of no consequence whether the pretext on which the threat to return the goods were based, was well or ill founded, so long as such return was made in pursuance *507 thereof, and not in consequence of any actual assent, express or implied, by the defendants to the terms proposed by the plaintiffs. The very fact of having made such threat, followed by such a notification of the plaintiffs, founded thereon, would take away from the subsequent return, by the defendants, of such goods, unaccompanied by any declaration, any implication of an assent thereby, to the proposed terms of the plaintiffs ; and would leave the parties entirely to whatever rights they had after such return, and acceptance under the prior contracts. Possibly such notification, by. the plaintiffs, may have taken away from the acceptance, by the plaintiffs, of the returned goods, the character of an acknowledgment that their delivery was not a compliance with the original contract, upon which I do not undertake now to pronounce, but I do not see that it was available in any other way; it certainly could not drive the defendants to the alternative of either renouncing whatever right they might have had of returning such goods under the prior contract, or accepting the terms of the plaintiffs, called in the complaint a condition of such return.
I think, therefore, the complaint was defective, in substance, and judgment should have been given for the defendant on the demurrer ; and, therefore, the present judgment should be reversed, with costs, with the usual privilege to the plaintiffs.
Barbour, J.
Assuming, even, that the allegation contained in the second item of the complaint constitutes a sufficient averment that the defendants undertook and agreed to take and pay for the blankets, and is not, merely, a statement of the legal effect of some supposed intention or agreement on their part, (which' is, at least, very doubtful,) it seems ■ quite clear that the whole of the goods were to be delivered to the defendants thirty days before the plaintiffs would have a right to demand payment. It was one sale of three thousand blankets ; and they were to be paid for,/6 to the amount of the entire purchasewithin thirty days after the one 66 delivery ” contemplated by the agreement. The delivery of the whole of the blankets, therefore, was, by the contract, a con *508 dition precedent to any performance on the part of the defendants ; and an averment of that fact is essential to the plaintiffs’ recovery, unless the original agreement was modified by some subsequent arrangement between the parties, inconsistent with the obligation of the plaintiffs to deliver all of the goods.
There is no pretense that the defendants ever refused to receive such of the blankets as had not yet come to their hands, nor that they, in terms, waived the delivery thereof. But the plaintiffs, claim that the return of a portion of the goods by the defendants, under the circumstances detailed in the fourth item of the complaint, operated as a waiver on their part of the delivery of those which had not been received by them.
It does not appear that any certain lot or parcel of blankets was exhibited to the defendants, or spoken of by the parties, at the time the original contract was made ; and, in the absence of such averment, it may well be assumed that the agreement on the part of the plaintiffs would have been satisfied by the delivery of any three thousand blankets that were of a quality and description corresponding to the sample. The fifteen hundred which were delivered were not of this quality; and an arrangement under which they were to be retained by the defendants notwithstanding that objection, was thereupon made by the parties. But no delivery of the remaining half was made or offered by the plaintiffs, nor were those blankets objected to by the defendants ; nor, even, do the undelivered blankets appear by the complaint to have been included in the agreement set forth in the third item. The plaintiffs, therefore, were bound, notwithstanding that agreement, to deliver, for the remaining half, such blankets as should correspond with the sample. It is enough, however, that fifteen hundred of the blankets are still undelivered; the plaintiffs cannot recover unless they have shown by the fourth paragraph of the complaint that the defendants, by the return of the goods under the circumstances therein stated, have waived the performance of the original contract on the part of the plaintiffs, and, for a sufficient consideration, have un *509 dertaken to pay to the latter the difference between the purchase price of the goods and their market value, with the expenses of the sale.
There seems to have been no consideration whatever for such supposed waiver and undertaking, inasmuch as there was no agreement that the defendants should not be required to receive the three thousand blankets, corresponding with the sample, or of such a quality as would pass government inspection, and pay for them. Neither does it appear, nor can it reasonably be implied from the facts set forth in the fourth paragraph of the complaint, that the defendants ever assented to the terms upon which the plaintiffs consented to take back the blankets which had been delivered. On the contrary, it is quite apparent that the defendants- returned those goods “ under certain pretexts ” wholly inconsistent with the theory of the plaintiffs in this regard, and not because they assented, by their silence or acts, to the proposition of the latter. The plaintiffs have, therefore, failed to show such a performance or waiver of their contracts as entitle them to a recovery ; and, for that reason, the demurrer should have been sustained.
The complaint is also insufficient, for the following reasons :
First. According to the terms, upon which the defendants returned the goods, as claimed by the plaintiffs, the blankets were to be sold by the latter to the U. S. government at the mai'ket prices. The complaint does not allege that they were in fact sold for their value in the market, but only for the best terms the plaintiffs could obtain therefor from the government. That is not enough. We cannot assume that the price paid by the government was the market value ; and the plaintiffs, clearly, had no authority to sell the goods for a less price than that.
Second. The allegations of the complaint in that respect do not show that the plaintiffs sustained any loss, or incurred any expense, by reason of the return of the goods and their sale to the government. The averment that an account was rendered by the plaintiffs showing that the defendants were indebted to *510 them in a certain amount, is not sufficient. The facts should be stated directly, and not inferentially.
The order appealed from should be reversed, with costs, and an order entered directing a judgment for the defendants on demurrer, subject to the usual conditions.
McCunn, J. dissented.
Judgment reversed.